# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0224, <u>Petition of Textiles Coated Incorporated d/b/a Textiles Coated International</u>, the court on March 21, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2).

The petitioner filed a petition for original jurisdiction from orders of the Superior Court (<u>Brown</u>, J.) ruling that plaintiffs who allege exposure to perfluorooctanoic acid (PFOA) but do not allege a present physical injury can pursue claims for medical monitoring, and denying the petitioner's motion for an interlocutory appeal. The petitioner requested that we exercise our original jurisdiction "to simultaneously answer the significant common questions of law" that have arisen in this case and in <u>Brown v. Saint-Gobain Performance Plastics Corporation</u>, 175 N.H. ___ (decided March 21, 2023). In <u>Brown</u>, the United States District Court for the District of New Hampshire certified two questions for our consideration. <u>Brown</u>, 175 N.H. at ___ (slip op. at 3). The first question asked whether New Hampshire recognizes "a claim for the costs of medical monitoring as a remedy or as a cause of action" in the context of plaintiffs who were exposed to a toxic substance. <u>Id</u>. Depending on the answer to the first question, the second question asked, "what are the requirements and elements of a remedy or cause of action for medical monitoring" under New Hampshire law. <u>Id</u>.

We determined that, in accordance with New Hampshire law, the mere existence of an increased risk of future development of disease is not sufficient for purposes of stating a claim for the costs of medical monitoring as a remedy or as a cause of action in the context of plaintiffs who were exposed to a toxic substance but have no present physical injury. <u>Id</u>. at ___ (slip op. at 5). Accordingly, we reverse the trial court's order on that issue and remand for further proceedings consistent with <u>Brown</u>.

<u>Reversed and remanded</u>.

MACDONALD, C.J., and HICKS and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**